1  Michael T. Harrison (SBN 158983)
   mharrison30@aol.com
2  LAW OFFICES OF MICHAEL T. HARRISON
   25876 The Old Road, #304
3  Stevenson Ranch, CA 91381
   Telephone: 661-257-2854
4  Facsimile: 661-257-3068

5  Attorney for Plaintiff Marsi Zintel

6

7

8                    UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11  MARSI ZINTEL, individually and on     CASE NO. CV09-5517 ODW (AGRx)
    behalf of all others similarly situated,
12                                         **JOINT MOTION FOR
13              Plaintiffs,                 PRELIMINARY APPROVAL OF
                                            CLASS ACTION SETTLEMENT
14          v.                              AGREEMENT**

15                                          Hon Otis D. Wright
    PACIFIC COMMUNITY FEDERAL
16  CREDIT UNION,
                                            **DATE:     April 26, 2010**
17                                          **TIME:     1:30 p.m.**
               Defendant.                   **DEPT:     11**
18

19                                          Action Filed: July 28, 2009
20

21          __JOINT MOTION FOR PRELIMINARY__
22      __APPROVAL OF A CLASS ACTION SETTLEMENT__
23
        Plaintiff Marsi Zintel and Defendant Pacific Community Federal Credit
24
    Union hereby move this Court for an order: (1) certifying the proposed Settlement
25
    Class for settlement purposes only; (2) preliminarily approving all terms and
26
    conditions of the proposed Class Action Settlement Agreement and Release (the
27
    "Settlement Agreement"); (3) directing Notice to the Class Members; and (4) setting
28

**ANDERSON, McPHARLIN & CONNERS LLP**
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

785176.1 4526.003

1  dates for submitting claims, exclusions ("Opt-Outs"), objections and a Final

2  Approval Hearing.

3      In support of this motion, the parties state as follows:

4      1.    Counsel for Plaintiff and Defendant have reviewed and analyzed the

5  complex legal and factual issues presented in this case and the risks and expenses

6  likely associated with litigating this case to conclusion.

7      2.    The parties and their respective counsel negotiated and executed a

8  comprehensive Settlement Agreement (Exhibit 1 hereto), which proposes to settle

9  this case on a class-wide basis.

10     3.    The parties have stipulated to certification of the following Settlement

11 Class for settlement purposes only:  *All persons who, from July 29, 2008 to July 28,*

12 *2009, were charged a transaction fee for making withdrawal(s) from a personal (not*

13 *business) account using the automated teller machine operated by Pacific*

14 *Community Federal Credit Union at 18600 Von Karman, Irvine, California.*

15     4.    Pursuant to the Settlement Agreement, the parties have agreed, inter

16 alia, that Defendant will establish a Settlement Fund of $18,000.00.  The Settlement

17 Fund shall be disbursed as follows, pursuant to Section 2.2 of the Settlement

18 Agreement:

19         (a) Payment to Class Representative. The Class Representative shall

20 receive $1,000 for her individual claims and as an incentive award for her services

21 as Class Representative.

22         (b) Payment to Class Counsel. Class Counsel shall receive $ 10,000.00

23 in full satisfaction of all reasonable attorneys' fees and costs.  This payment is

24 subject to Court approval and Defendant agrees not to object to the Court awarding

25 this amount to Class Counsel.

26         (c) Notice Costs.  The costs of published notice, posted notice, website

27 notice, and settlement administration shall also be deducted from the Settlement

28 Fund.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 · FAX (213) 622-7594

785176.1 4526.003

2

1   (d) Class Recovery. The amount remaining in the Settlement Fund after
2   deducting the amounts set forth in paragraphs (a), (b) and (c) above shall be divided
3   pro rata among Participating Claimants; provided, however, that no Class Member
4   shall receive payment from the Settlement Fund in an amount to exceed $100.00.

5   (e) Reverter. Any money remaining in the Settlement Fund, after
6   payments are made pursuant to paragraphs a-d above, shall be returned to Defendant
7   within thirty (30) days after determination and final payment of all such amounts.

8   5.     The parties have agreed on the forms of Class Notice to be given to
9   Class Members, pursuant to Section 2.4 of the Settlement Agreement: publication
10  notice in the Orange County Register and the Los Angeles Times Orange County
11  (Exhibit B to the Settlement Agreement), posted notice on the ATM at Issue
12  (Exhibit C to the Settlement Agreement), and website notice (Exhibit D to the
13  Settlement Agreement).

14  6.     The parties submit that the proposed forms of Class Notice meet the
15  requirements of Rule 23.  Rule 23(c)(2)(B) states, "For any class certified under
16  Rule 23(b)(3), the court must direct to class members the best notice that is
17  practicable under the circumstances, including individual notice to all members who
18  can be identified through reasonable effort."  The parties submit that newspaper
19  publication notice (covering the areas in which the ATM is located), posted notice,
20  and website notice, as set forth in Section 2.4 of the Settlement Agreement, is the
21  best Class Notice practicable under the circumstances. The parties' proposed forms
22  of Class Notice are reasonable given that:  (a) publication notice is being
23  specifically targeted to the papers circulated in the ATM's vicinity; (b) a detailed
24  notice which includes the full Settlement Agreement, the complaint and other court
25  documents is being published on the Internet; and (c) notice is also being posted on
26  the very ATM that is the subject of this litigation.

27  7.     In addition to the agreed upon forms of notice, the parties have also
28  agreed on a form of a proposed Preliminary Approval Order (Exhibit E to the

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

785176.1 4526.003

3

1   Settlement Agreement) and a proposed Final Approval Order (Exhibit F to the

2   Settlement Agreement).

3        WHEREFORE, for the foregoing reasons, the parties request that this Court

4   enter an order:  (1) certifying the proposed Settlement Class for settlement purposes

5   only; (2) preliminarily approving all terms and conditions of the proposed Class

6   Action Settlement Agreement and Release; (3) directing Class Notice to the Class

7   Members; and (4) setting dates for submitting claims, exclusions, objections and a

8   Final Approval Hearing.

9                                    Respectfully submitted:

10                                   /s/  Michael T. Harrison (Per full authority)

11                                   _____

12                                   Michael T. Harrison
                                     LAW OFFICES OF MICHAEL T.
13                                   HARRISON
                                     25876 The Old Road, #304
14                                   Stevenson Ranch, CA 91381
                                     (661) 257-2854
15                                   (661) 257-3068 (fax)
16                                   mharrison30@aol.com
17                                   Counsel for Plaintiffs

18

19                                   /s/  Colleen A. Déziel

20                                   _____

21                                   Colleen A. Déziel
                                     Anderson, McPharlin & Conners LLP
22                                   444 South Flower Street, 31st Floor
                                     Los Angeles, CA  90071
23                                   213-236-1635
24                                   213-622-7594 (fax)
                                     cad@amclaw.com
25                                   Counsel for Defendant

26

27

28

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

EXHIBIT_____1_____
PAGE_____5_____

EXHIBIT 1

Michael T. Harrison (SBN 158983)
mharrison30@aol.com
LAW OFFICES OF MICHAEL T. HARRISON
25876 The Old Road, #304
Stevenson Ranch, CA 91381
Telephone:     661-257-2854
Facsimile:     661-257-3068

Attorney for Plaintiff Marsi Zintel

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARSI ZINTEL, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC COMMUNITY FEDERAL CREDIT UNION, <br><br> Defendant. | CASE NO. CV09-5517 ODW (AGRx) <br><br> STIPULATION OF SETTLEMENT <br><br> Hon Otis D. Wright <br><br> Action Filed: July 28, 2009 |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

**IT IS HEREBY STIPULATED AND AGREED** by and between Marsi Zintel ("Plaintiff" or "Class Representative"), individually and on behalf of all others similarly situated, with the assistance and approval of Class Counsel, on the one hand, and Pacific Community Credit Union (erroneously named and sued as Pacific Community Federal Credit Union), ("Defendant" or "Pacific Community "), with the assistance of its counsel of record, on the other hand, as set forth below.

## INTRODUCTION

This Class Action Settlement Agreement and all associated exhibits or attachments is made for the sole purpose of consummating settlement of the Lawsuit on a class basis. The Settlement Agreement is made in full compromise and release of all disputed claims. Because the

EXHIBIT_____/
PAGE _____6

Lawsuit was pled as a putative class action, this settlement must receive preliminary and final approval by the Court. Accordingly, the Settling Parties enter into this Settlement Agreement on a conditional basis only. In the event that the Court does not execute and enter the Final Approval Order or in the event that the Final Approval Order does not become Final for any reason, the Settlement Agreement shall be deemed null and void *ab initio*, it shall be of no force or effect whatsoever (except as provided in paragraphs 2.4(D) and 2.8(D) below), it shall not be referred to or utilized for any purpose whatsoever, and the negotiations, terms and entry of the Settlement Agreement shall remain subject to the provisions of Federal Rule of Evidence 408 and any applicable state law(s).

Defendant denies all of Plaintiff's claims, allegations and contentions as to liability, damages, penalties, interest, fees, restitution and all other forms of relief, and the class action allegations asserted in the Lawsuit. Defendant has concluded that further conduct of the Lawsuit may be protracted and expensive, and that it is desirable that the Lawsuit be fully and finally resolved in the manner and upon the terms and conditions set forth in this Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED** by and among the Class Representative (for herself and the Class Members) and Defendant, with the assistance of their counsel or attorneys of record, that, as among the Settling Parties, including all Class Members, the Lawsuit and the Released Claims shall be finally and fully compromised, settled and released, and the Lawsuit shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions set forth herein.

## RECITALS

**WHEREAS,** the Lawsuit was commenced by Plaintiff, individually and on behalf of the class of persons defined in the Lawsuit, and is currently pending and unresolved between the Settling Parties;

**WHEREAS,** in the Lawsuit, Plaintiff alleges that Defendant violated the Electronic Funds Transfer Act 15 U.S.C. §1693 et seq., by failing to provide adequate notice of automated teller

- 2 -

EXHIBIT 1
PAGE 1

Settlement Agreement
782908.1 4526.003

1  machine ("ATM") fees;

2      **WHEREAS,** in the Lawsuit, Plaintiff seeks statutory damages, attorneys' fees and costs;

3      **WHEREAS,** Defendant denies Plaintiff's claims, denies any liability to Plaintiff or the proposed class, and denies wrongdoing of any kind;

4

5      **WHEREAS,** Plaintiff and Defendant agree that it is desirable that the Lawsuit and the claims alleged therein be settled upon the terms and conditions set forth herein to avoid further expense and uncertain, burdensome and potentially protracted litigation, and to resolve all claims

6  that have been or could have been asserted by Plaintiff and the Settlement Class;

7      **WHEREAS,** the Settling Parties have engaged in extensive arms-length settlement negotiations and the Class Counsel represent that they have otherwise conducted a thorough study

8  and investigation of the law and the facts relating to the claims that have been or might have been asserted in the Lawsuit and have concluded, taking into account the benefits that Plaintiff and the

9  Settlement Class Members will receive as a result of this Settlement Agreement and the risks and delays of further litigation, that this Settlement Agreement is fair, reasonable and adequate and in

10  the bests interests of Plaintiff and the Settlement Class Members; and

11      **WHEREAS,** in consideration of the foregoing and other good and valuable consideration, it is hereby stipulated and agreed by and between Plaintiff and Defendant that the claims of

12  Plaintiff and the Settlement Class be and are hereby compromised and settled, subject to the

13  approval of the Court, upon the terms and conditions set forth below.

14  **DEFINITIONS**

15      As used in all parts of this Settlement Agreement, the following terms have the meanings

16  specified below:

17      1.1 "ATM at Issue" means the automated teller machine operated by Defendant at 18600

18          Von Karman, Irvine, California.

19      1.2 "Claim Form" means the form attached hereto as Exhibit A.

20      1.3 "Class Counsel" means Michael Harrison of The Law Offices of Michael Harrison.

21      1.4 "Class Member" means a person who is a member of the Settlement Class.

22      1.5 "Class Notice" means the notice to be approved by the Court as set forth in paragraph

23          2.4 below.

24      1.6 "Class Period" means July 29, 2008 through July 28, 2009.

25      1.7 "Court" means the United State District Court for the Central District of California,
            WESTERN DIVISION.

26

27      1.8 "Effective Date" means the date on which the Final Approval Order becomes Final.

28

- 3 -

EXHIBIT_____1_____
PAGE____8____

1.9 "Fairness Hearing" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy and reasonableness of the Settlement Agreement pursuant to class action procedures and requirements; and (ii) entering a Final Approval Order.

1.10 "Pacific Community " means Pacific Community Credit Union.

1.11 "Pacific Community Releasees" means Pacific Community (and each of its current and former officers, directors, managers, shareholders, employees, predecessors, successors, assigns, agents, insurers and attorneys).

1.12 "Final" means the later of (i) the date of expiration for the time for noticing an appeal from the Final Approval Order; or (ii) the date of final affirmance or dismissal of the last pending appeal if an appeal is noticed.

1.13 "Final Approval Order" means an order to be entered by the Court entitled "Final Approval Order," substantially in the form attached hereto as Exhibit F.

1.14 "Lawsuit" means the lawsuit styled Marsi Zintel v. Pacific Community Federal Credit Union, currently pending in the Court as case no. SACV09-0868.

1.15 "Participating Claimant" means each Class Member who properly and timely submits a Valid Claim Form in response to the Class Notice.

1.16 "Preliminary Approval Date" means the date on which the Court enters a Preliminary Approval Order.

1.17 "Preliminary Approval Order" means an order to be entered by the court, entitled "Preliminary Approval Order," substantially in the form attached hereto as Exhibit E.

1.18 "Released Claims" mean, collectively, any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, against the Pacific Community Releasees, or any of them, that accrued at any time on or prior to the Preliminary Approval Date for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys fees, litigation costs, restitution or equitable relief, based on any and all claims in any way related to Defendant's alleged failure to provide adequate notice of ATM fees at the ATM at Issue, and all claims made in the Lawsuit.

1.19 "Settlement Agreement" means this Settlement Agreement and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement among them and which is subject to Court approval.

1.20 "Settlement Class" means the conditional class that the Settling Parties have consented to for purposes of settlement only, as described in paragraph 2.1 below.

782908.1 4526.003

Settlement Agreement

EXHIBIT_____1_____
PAGE _____9_____

1.21   "Settlement Fund" means the fund described in paragraph 2.2 below.

1.22   "Settling Parties" or "Parties" means Plaintiff and Defendant, and/or their respective representatives and attorneys.

1.23   "Valid Claim Form" means a Claim Form that is completed, signed under penalty of perjury, and timely returned to the Class Settlement Administrator, postmarked within forty five (45) days after the date of entry of the Preliminary Approval Order. Upon its receipt of any Claim Form, the Class Settlement Administrator shall promptly provide a copy thereof to Pacific Community's counsel.  Plaintiff and Defendant shall have the right to verify, prior to any payment to a Claimant, that each Claim Form submitted is valid in that it reflects use of the ATM at Issue during the Class Period and for which usage the Class Member was charged a usage fee by Defendant.  Either Party challenging any claim shall apprise the other Party of the challenge, and the Settling Parties, through their respective counsel, shall meet and confer in good faith in an attempt to resolve any challenged claim.  If the Settling Parties are unable to resolve such a challenge, the Settling Parties shall submit the challenge to the Court for resolution.  The Settling Parties shall each bear their own respective costs associated with any such challenge.

## TERMS AND CONDITIONS

2.1 The Settlement Class. The Settling Parties stipulate to certification of the following class for settlement purposes only:

All persons who, from July 29, 2008 through July 28, 2009, were charged a transaction fee for making a withdrawal from a personal (not business) account through use of the automated teller machine operated by Pacific Community Federal Credit Union at 18600 Von Karman, Irvine, California.

2.1A. Plaintiff's counsel warrant and represent that they are not aware of any clients or potential clients, and do not have any clients or potential clients, with current claims against Pacific Community with regard to any ATM disclosure claims, other than clients or potential clients who would be members of the instant proposed Settlement Class.

2.2 **Settlement Fund**.  Within 10 days after a Preliminary Approval Order is entered, Defendant shall pay $18,000, to the Settlement Class Administrator (see paragraph 2.8 below), which will be deposited into an escrow account for the benefit of Plaintiff, the Settlement Class and Class Counsel, which will constitute the Settlement Fund.  Pacific Community shall not be required to pay any amounts pursuant to this Agreement other than the Settlement Fund.  The Settlement Fund shall be disbursed as follows:

A.   Class Notice.   Costs of notice (see paragraph 2.4 below) and settlement administration (see paragraph 2.8 below) shall be paid from the Settlement Fund at the time such expenses are incurred.

B.   Remainder of Settlement Fund.  After the Effective Date, the amount remaining in the Settlement Fund after costs of notice and administration are deducted shall be as follows:

EXHIBIT_____1_____
PAGE_____10_____

782908.1 4526.003

Settlement Agreement

1. <u>Payment to Class Representative</u>.  Class Representative shall receive $1,000 for her individual claim and as an incentive award for her services as Class Representative.  Defendant agrees not to object to the Court awarding this amount to Class Representative.

2. <u>Payment to Class Counsel.</u> Class Counsel shall receive $10,000 of the Settlement Fund in full satisfaction of all reasonable attorneys' fees and costs.  This payment is subject to Court Approval and Defendant agrees not to object to the Court awarding this amount to Class Counsel.

3. <u>Class Recovery</u>.  The amount remaining in the Settlement Fund after deducting the amount set forth in paragraphs 2.2(a), 2.2(b)(1) and 2.2(b)2 above shall be divided pro rata among Participating Claimants who are entitled to payment pursuant to paragraph 1.23 above; provided, however, that no Class Member shall receive payment from the Settlement Fund in an amount to exceed $100. Each Class Member shall be eligible to receive one pro rata payment, regardless of whether that Class Member used the ATM at Issue multiple times.

4. <u>Reverter</u>.  Money remaining in the Settlement Fund, if any, after payments are made pursuant to paragraphs 2.2(a), 2.2(b)(1), 2.2(b)(2) and 2.2(b)(3) above, shall be returned to Defendant within thirty (30) days after determination and final payment of all such amounts.

C. <u>Refund of Settlement Fund in the Event the Settlement Agreement is Not Implemented</u>.  In the event that this Agreement does not receive final approval from the Court, or if an entered Final Approval Order does not become "Final" as defined in paragraph 1.12, or if Pacific Community exercises its right to rescind the Agreement pursuant to paragraph 2.5A below, then the amount remaining in the Settlement Fund at the time the Agreement is rejected by the Court, or at the time Pacific Community rescinds the Agreement, less any accrued but unpaid fees relating to Class Notice and administration, shall be refunded to Pacific Community .

2.3 <u>Release</u>.

A. <u>General Release by Plaintiff to Pacific Community </u>.  Except for the obligations created by this Settlement Agreement, upon the Effective Date, Plaintiff, for herself and her spouse, heirs, executors, administrators, and assigns, hereby remises, releases and forever discharges the Pacific Community Releasees from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorneys' fees, costs and liabilities of any kind whatsoever in law or equity, arising out of the use of any Pacific Community ATM or any other facts supporting the Lawsuit, from the beginning of time to the date this Agreement is signed by the Plaintiff.

- 6 -

EXHIBIT____|_____
PAGE ___||_____

Plaintiff acknowledges that she has had the opportunity to review this matter with legal counsel and is familiar with the provisions of California Civil Code section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff hereby acknowledges that the above release includes a waiver of any rights that might apply under the foregoing code provision, as well as any statutes or common law principles of similar effect.

B.   Limited Release by Class to Pacific Community .   Except for the obligations created by this Settlement Agreement, upon the Effective Date, each Class Member that has not excluded himself or herself from the Class (for themselves and their respective current and former heirs, executors, administrators, controlled companies, partners, employees , assigns, agents and attorneys) remises, releases and forever discharges the Pacific Community Releasees from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorneys' fees, costs and liabilities of any kind, whether known or unknown that were brought or that could have been brought by the Lawsuit and waives all rights against the Pacific Community Releasees with respect to any and all actions, causes of action, claims, counterclaims, breaches, controversies, demands, damages, expenses, losses, costs, attorneys' fees, court costs, loss of income, loss of value or loss of services of any type whatsoever, known or unknown, past or present, whether under foreign or domestic tort or contract law and/or any other foreign or domestic statute, law, regulation, ordinance, certificate of incorporation or by-law relating to the claims made by the Plaintiff in the Lawsuit or related to the Defendant's alleged failure to provide adequate notice of ATM fees at the ATM at Issue.

C.   Limited Release by Pacific Community to Plaintiff and Class.   Except for the obligations created by this Settlement Agreement, upon the Effective Date, Pacific Community (and each of its current and former officers, directors, managers, shareholders, employees, predecessors, successors, assigns, agents and attorneys) remises, releases and forever discharges Plaintiff (and each of her respective current and former heirs, executors, administrators, assigns, agents and attorneys) from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution, and indemnification, attorneys' fees, costs and liabilities of any kind, whether known or unknown, arising from the investigation, filing or prosecution of the Lawsuit.

2.4   **Class Notice**.   If, by entering the Preliminary Approval Order, the Court provides authorization to provide the Class Notice to Class Members, the Settling Parties will cause Class Notice to be given as follows:

EXHIBIT 1
PAGE 12

- 7 -

Settlement Agreement

A.   Publication.  Notice to the Settlement Class shall be published, within 14 days after entry of a Preliminary Approval Order and in the form and substance set forth in Exhibit B hereto, once in the Orange County Register and once in the Los Angeles Times Orange County Newspaper.  The publication notice shall be a display ad of at least one-quarter (1/4) page in size.

B.   Posted Notice.  Notice to the Settlement Class shall be posted, starting no later than 14 days after the Preliminary Approval Order is entered and continuing for a period of 30 days, but no more than 30 days after initial posting, on the ATM at Issue in the form substantially set forth in Exhibit C hereto.  Defendant, under supervision of Class Counsel or their designee, shall be responsible for posting and monitoring the Posted Notice on the ATM at Issue; Defendant shall not interfere in any manner with monitoring by Class Counsel or their designee.

C.   Website.  Notice to the Settlement Class shall be posted, starting no later than 14 days after a Preliminary Approval Order is entered and continuing to the last date for Class Members to Opt-Out, on the internet at www.morecaseinfo.com in the form and substance set forth in Exhibit D hereto.

D.   Costs.  Costs of notice set forth in this paragraph 2.4 shall be paid from the Settlement Fund; provided, however, that if this Agreement is terminated pursuant to its terms or if the Court does not approve this Agreement, the costs of notice already incurred shall not be refunded to Defendant.

2.5   **Opt-Out/Exclusion/Right to Object/Participation**.

A.   Opt-Out/Exclusion.  Any Class Member, except Plaintiff, may seek to be excluded from this Settlement Agreement and from the Settlement Class as detailed in the Class Notice and within the time and in the manner provided by the Court.  Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement and shall not be entitled to any of its benefits.  If more than 10 class members opt-out/exclude themselves from this Agreement, Pacific Community shall have the right, in its sole discretion, to rescind this Agreement and to demand the return of the remaining Settlement Fund pursuant to paragraph 2.2C.

B.   Objection.  Any Class Member, except Plaintiff, may object to the terms of this Settlement Agreement in writing, as detailed in the Class Notice and within the time and in the manner provided by Court order.  Any Class Member who exercises his or her right to object to this Settlement Agreement will be responsible for his or her own attorneys' fees and costs.  Class Counsel and counsel of record for Defendant must also be served with copies of any objections, postmarked no later than the Opt-Out Deadline.  The Class Notice shall advise Settlement Class Members of this option.  Any objections must be in writing and timely submitted or else they are waived.

C.   Participation.  Any Class Member may seek to participate in the Lawsuit.  Any Class Member who exercises his or her right to participate in the Lawsuit will be responsible for his or her own attorneys' fees and costs.

782908.1 4526.003

Settlement Agreement

EXHIBIT____1____
PAGE ____13____

2.6 **Preliminary Approval Order**.  As soon as practicable after execution of this Settlement Agreement, Plaintiff and Defendant shall seek an order from the Court that:

A. preliminarily approves this Settlement Agreement;

B. conditionally certifies for purposes of settlement the Settlement Class;

C. schedules a hearing for final approval of this Settlement Agreement by the Court; and

D. approves the form and manner of Class Notice as set forth in paragraph 2.4 herein and finds that such notice satisfies the requirements of due process pursuant to Federal Rules of Civil Procedure 23, the United States Constitution and any other applicable laws and finds that no further notice to the Settlement Class is required.

The Settling Parties agree to request the form of Preliminary Approval Order attached hereto as Exhibit E.  The fact that the Court may require changes in the Preliminary Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

2.7 **Final Approval Order**.  At the conclusion of, or as soon as practicable after, the close of the Fairness Hearing, Class Counsel and the attorney(s) of record for Defendant will jointly request that the Court enter a Final Approval Order approving the terms of this Settlement Agreement as fair, reasonable and adequate; providing for the implementation of its terms and provisions; finding that the Class Notice given to the Settlement Class satisfies the requirements of due process pursuant to Federal Rules of Civil Procedure, the United States Constitution and any other applicable law; dismissing the claims of Plaintiff and the Settlement Class with prejudice and without costs; and retaining exclusive jurisdiction to enforce the terms of the Final Approval Order attached hereto as Exhibit F. The fact that the Court may require changes in the Final Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

2.8 **Administration of Class Benefits**.

A. Class Settlement Administration.  Class Counsel, in consultation with Pacific Community , shall designate a third-party class settlement administrator ("Class Settlement Administrator") to process Claim Forms and to distribute the Settlement Fund as described in paragraph 2.2 above, which Class Settlement Administrator shall be subject to the approval of Pacific Community . In the event that the parties cannot agree upon a Class Settlement Administrator, they shall present that issue to the Court for final determination. The Settlement Fund shall be distributed within 60 days of the Effective Date, subject to any extension allowed by paragraph 2.8(C) below.

B. Eligibility.  If the Class Settlement Administrator receives an incomplete or otherwise improperly filled out Claim Form that is otherwise timely submitted, the Class Settlement Administrator shall contact the claimant and seek such information as is needed to correct the deficiency. If the deficiency cannot be corrected by the Class Settlement Administrator, the Class Counsel and Defendant's Attorneys shall jointly

- 9 -

EXHIBIT____/____
PAGE  _14_

1    determine whether the claimant is eligible to receive any of the benefits described in
2    paragraph 2.2, of if they cannot agree upon such a determination in good faith, then
     the Court shall determine whether the claimant is entitled to the relief requested.

3
     C. Extension for Distribution.   If the Class Settlement Administrator, in its sole
4       discretion, is required to obtain a W-9 form(s) from a Participating Claimant(s), then
        the Class Settlement Administrator shall have 60 days from the date of receipt of a
5       completed W-9 form to distribute the portion of the Settlement Fund designated for
        such Participating Claimant(s).
6

7    D. Costs.   The Class Settlement Administrator shall be paid from the Settlement Fund;
        provided, however, that if this Agreement is terminated pursuant to its terms or if the
8       Court does not approve this Agreement, the amount already paid to the Settlement
        Class Administrator shall not be refunded to the Defendant.
9

10   2.9   **Release of Attorney's Liens**.   In consideration of this Settlement Agreement, Class
           Counsel hereby waives, discharges and forever releases Defendant from any and all
11         claims for attorneys' fees, by lien or otherwise, for legal services rendered by Class
           Counsel in connection with the Lawsuit; provided, however, that this release is
12         conditioned upon Final Approval of this Settlement Agreement by the Court and full
           performance by the Defendant of its obligations under this Settlement Agreement.
13

14   2.10  **No Admission of Liability**.   Whether or not this Settlement Agreement is consummated,
           this Settlement Agreement and all proceedings had in connection herewith shall in no
15         event be construed as, or be deemed to be, evidence of an admission or concession by
           Defendant of any liability or wrongdoing whatsoever.

16   2.11  **Best Efforts**.   The Settling Parties and their respective counsel agree to cooperate fully
17         with one another in seeking Court approval of this Settlement Agreement and to use their
           best efforts to effect the consummation of this Settlement Agreement.
18
19   2.12  **Notices**.   Notices regarding this Settlement Agreement directed to Plaintiff and/or the
           Settlement Class shall be sent to:
20
           Michael T. Harrison
21         Law Offices of Michael T. Harrison
           25876 The Old Road, #304
22         Stevenson Ranch, CA 91381
           (661) 257-2854
23         (661) 257-3068 (fax)

     Notices to Defendant shall be sent to:
24
           Colleen A. Déziel
25         Anderson, McPharlin & Conners LLP
           444 South Flower Street, 31st Floor
26         Los Angeles, CA  90071
           213-236-1635
27         213-622-7594 (fax)
           cad@amclaw.com
28         Counsel for Defendant

782908.1 4526.003
                                              - 10 -      EXHIBIT____/_____
     Settlement Agreement                                PAGE____/5_____

The persons and addresses designated in this paragraph may be changed with written notice to the other signatories hereto.

2.13  **Counterparts**.  This Settlement Agreement may be signed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies, facsimiles or scanned copies of the signature pages of this Settlement Agreement may be treated as originals.

2.14  **Binding Agreement**.  Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff and each Class Member and each of their respective and current and former heirs, executors, administrators, assigns, agents and attorneys, all of whom/which persons and entities are intended to be beneficiaries of this Settlement Agreement.  Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Defendant and each of its current and former heirs, executors, administrators, assigns, agents and attorneys.  There are otherwise no third-party beneficiaries of this Settlement Agreement.

2.15  **Governing Law**.  This Settlement Agreement (and any exhibits hereto) shall be considered to have been negotiated, executed and delivered, and to have been wholly performed in the State of California, and the rights and obligations of the Settling Parties to this Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal substantive laws of the State of California without giving effect to that State's choice of law principles.

2.16  **Retention of Jurisdiction**.  The Court shall retain jurisdiction to implement and to enforce the terms of this Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

2.17  **Interpretation**.  The Settling Parties acknowledge that they have had an equal opportunity to participate in the drafting of this Settlement Agreement and that each Party and its counsel reviewed and negotiated the terms and provisions of this Settlement Agreement and have contributed to its revisions.  Therefore, in any dispute over the construction or interpretation of this Settlement Agreement, the Settling Parties agree and understand that the Settlement Agreement shall be construed fairly as to all Settling Parties and shall not be construed against any Party on the basis of authorship.  The Settling Parties further agree that in this Settlement Agreement the singular shall include the plural and vice versa where the content so requires.

2.18  **Entire Agreement**.  The Settlement Agreement constitutes the entire agreement of the Settling Parties hereto as to the matters raised herein.  The undersigned acknowledge that there are no communications or oral understandings contrary to, in addition to, or different from the terms of this Settlement Agreement and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon execution of this Settlement Agreement, superseded and merge into this Settlement Agreement and shall have no effect. This Settlement Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the Settling Parties and their respective counsel.

2.19 **Authority**.  The persons signing this Settlement Agreement hereby represent and warrant that they have read this Settlement Agreement, that they know and understand its terms, that they have consulted with counsel with respect hereto, that they have signed this Settlement Agreement freely, and that they intend that they and/or any person or entity on whose behalf they are signing this Settlement Agreement will be fully bound by all terms and provisions of this Settlement Agreement.  Such persons further represent and warrant that they are competent to sign this Settlement Agreement and that, as necessary, all corporate or other legal formalities have been followed such that they have full authority to execute this Settlement Agreement on behalf of the person or entity for whom or for which they are signing the Settlement Agreement in a representative capacity.

2.20 **Headings**.  The headings of the several sections and paragraphs hereof are for convenience only and do not define or limit the contents of such sections or paragraphs.

2.21 **Severability**.  In case any one or more of the provisions contained in this Settlement Agreement shall be determined to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected and/or impaired thereby.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

782908.1 4526.003

- 12 -

EXHIBIT 1
PAGE 17

Settlement Agreement

Zintel                                9498583104                    P.2

1         IN WITNESS WHEREOF, the Settling Parties hereto have so agreed on the dates
2    noted below:

3    **MARSI ZINTEL**

4    Plaintiff and Class Representative

5    By: _Marsi Zintel_
6        Marsi Zintel

7    Approved as to form by THE LAW OFFICES OF MICHAEL T. HARRISON

8    By: _____
9        Michael T. Harrison
10       LAW OFFICES OF MICHAEL T. HARRISON
    25876 The Old Road, #304
11       Stevenson Ranch, CA 91381
    (661) 257-2854
12       (661) 257-3068 (fax)
    mharrison30@aol.com
13

14   **PACIFIC COMMUNITY CREDIT UNION**

15   By: _____
16

17   Approved as to form by Anderson, McPharlin & Conners LLP

18   By: _____
19       Colleen A. Deziel
    Anderson, McPharlin & Conners LLP
20       444 South Flower Street, 31st Floor
    Los Angeles, CA 90071
21       213-236-1635
    213-622-7594 (fax)
22       cad@amclaw.com
    Counsel for Defendant
23

24

25

26

27

28

782908.1 4526.003                          - 13 -

Settlement Agreement

EXHIBIT ___1___
PAGE ___18___

EXHIBIT A

EXHIBIT____A____
PAGE ____19____

1    Exhibit A

2                    **IN THE UNITED STATES DISTRICT COURT**
                    **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
3                              **WESTERN DIVISION**

4                                 **CLAIM FORM**

5    **Note: This Claim Form must be completely filled out and delivered (or post-marked, if
      mailed) to the Settlement Administrator by _____, 2010:**
6
                                Settlement Administrator
7                                 _____
      *c/o Zintel v. Pacific Community Federal Credit Union* project
8                                 _____
                                  _____
9
          I affirm under penalties of perjury that I used the Pacific Community Federal Credit
10   Union ATM located at 18600 Von Karman, Irvine, California between July 29, 2008 and July 28,
     2009 to access and withdraw funds from a personal (not business) account, and was charged a
11   transaction fee for the use of that ATM.  I therefore believe I am a member of the Settlement
     Class described in the class notice and want to receive my share of the Settlement Fund.
12
13              Signature:              _____

14              Printed Name:           _____

                Address:                _____
15
                                        _____
16
                Telephone No.           _____
17
                Last 4 Digits of
18              Card Used in
                Transaction:            _____
19
                Name in Which
20              Account Accessed
                by Card Is Held:        _____
21
                Name of Financial
22              Institution that Issued
                Card Used in
23              Transaction:            _____

24              Printed Name:           _____

25   Submission of this Claim Form does not guarantee that you will receive payment, as the
     information on any Claim Form is subject to validation and verification by Pacific Community
26   Federal Credit Union.  If any Claim Form is found to include inaccurate information, no payment
     will be made to the party submitting the Claim Form.  **All requested information is necessary to**
27   **constitute a valid claim.**

28

782908.1 4526.003
                                      - 14 -        EXHIBIT____*A*
      Settlement Agreement                          PAGE ____*20*

**EXHIBIT B**

EXHIBIT___B___
PAGE___21___

1    Exhibit B

2

**PACIFIC COMMUNITY FEDERAL CREDIT UNION ATM**
**NOTICE of CLASS ACTION SETTLEMENT**

3    Zintel v. Pacific Community Federal Credit Union, Case No. CV09-5517

4    **IF YOU USED THE PACIFIC COMMUNITY FEDERAL CREDIT UNION ATM REFERENCED IN THE NEXT PARAGRAPH BETWEEN JULY 29, 2008 AND JULY 28, 2009, AND WERE**

5    **CHARGED A FEE FOR THE USE OF THAT ATM, YOU MAY BE A CLASS MEMBER. THIS SETTLEMENT MAY AFFECT YOUR RIGHTS.**

6

7    This Notice relates only to one (1) specific Pacific Community Federal Credit Union ATM, located at 18600 Von Karman, Irvine, California, and concerns a lawsuit about charging of fees at this ATM.

8    Mrs. Zintel sued Pacific Community Federal Credit Union under a law called the Electronic Funds Transfer Act on the grounds that the ATM did not have an externally posted fee notice. Pacific Community Federal Credit Union denies Mrs. Zintel's claims but has agreed to a settlement of the case.

9

10    The settlement includes everyone who was charged a fee for using the ATM to access a personal (not business) account between July 29, 2008 and July 28, 2009. These people are called "Class Members,"

11    and the time period that is covered is called the "Class Period." Under the law, the maximum that a group of people may recover in a case like this one is the lesser of 1% of Pacific Community Federal Credit

12    Union's net worth or $500,000, plus any actual damages that the class members suffered. Pacific Community has stated that during the Class Period, there were approximately 168 transactions who were

13    charged ATM fees at the subject ATM(s) during the Class Period. Pacific Community Federal Credit Union has agreed to establish a Settlement Fund of $18,000.00 to settle the case. Class Members may

14    make a claim on the Settlement Fund to receive a pro rata share, up to a maximum of $100, so the attorneys believe that a settlement allowing Class Members to make a claim for up to $100 is fair and

15    reasonable. The Settlement Fund will also be used to pay the costs of notifying Class Members of the Settlement and to process their claims, the lawyers who filed the lawsuit their reasonable attorney fee, not to exceed $10,000.00, and Mrs. Zintel $1,000 for her services as the class representative.

16

17    On _____, 2010 at _____, Judge _____ will hold a hearing to decide where to finally approve this settlement. YOU DO NOT NEED TO ATTEND. If the settlement is approved, all

18    Class Members will be bound by the resting judgment and court orders, and eligible Class Members will be entitled to claim benefits under the settlement.

19    You have three choices:

20    (1) If you want to receive your pro rata share of the Settlement Fund, up to a maximum of $100.00, you must submit a completed Claim Form, postmarked by _____, 2010 to the Settlement

21    Administrator at _____. Failure to submit a Claim Form will mean you receive no money but are still governed by a Release of your rights to sue Pacific Community Federal Credit Union for the

22    ATM fee notice claims raised in this Lawsuit. Download a Claim Form at www.morecaseinfo.com or call Class Counsel at (661) 257-2854 to request a Claim Form.

23

24    (2) If you do not want to participate in the Settlement and want to retain any right you may have to pursue your claim separately, you must write a letter stating "EXCLUDE ME FROM THE ZINTEL V. PACIFIC

25    COMMUNITY FEDERAL CREDIT UNION SETTLEMENT." Include your name and address and mail the letter to the Settlement Administrator at _____. Your letter must be postmarked by _____, 2010 to be valid.

26

27    (3) If you think the Settlement is unfair, you may object to it by writing a memo stating the specific reasons for your objection and filing it with the Court at 312 N. Spring Street, Los Angeles, California

28    90012 on or before _____, 2010 and sending a copy to Class Counsel at 25876 The Old Road, #304, Stevenson Ranch, CA 91381 and to counsel for Pacific Community Federal Credit Union at

EXHIBIT *B*
PAGE *22*

Settlement Agreement

1    Colleen A. Déziel, Anderson, McPharlin & Conners LLP, 444 South Flower Street, 31st Floor, Los Angeles, CA  90071

2

3    For more information, visit www.morecaseinfo.com or contact Class Counsel Mike Harrison at (661) 257-2854.

4

                            **DO NOT CONTACT THE COURT FOR INFORMATION**
5                            **AS IT WILL NOT BE ABLE TO ASSIST YOU**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _B_
PAGE _23_

782908.1 4526.003

Settlement Agreement

EXHIBIT C

EXHIBIT___C___
PAGE___24___

1   Exhibit C

2   ## NOTICE OF SETTLEMENT

3   If you used this ATM anytime between JULY 29, 2008 and JULY 28, 2009, and you were
    charged a transaction fee for making one or more withdrawals, you may be entitled to
4   compensation.  To find out more, visit www.morecaseinfo.com or call attorney Mike Harrison at
    (661) 257-2854.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT___C___
PAGE ___as___

782908.1 4526.003

Settlement Agreement

**EXHIBIT D**

EXHIBIT $D$
PAGE $26$

1    Exhibit D

2    ***Zintel v. Pacific Community Federal Credit Union***
     **CLASS ACTION SETTLEMENT INFORMATION**

3

4    Welcome to the settlement information website for Zintel v. Pacific Community Federal Credit Union. This website describes the case and the settlement between Marsi Zintel ("Plaintiff") and Pacific Community Federal Credit Union ("Defendant").

5

6    We have tried to design this website to help you get information about the proposed settlement of this case. If necessary, however, you can also contact Class Counsel for further information:

7                       Michael T. Harrison
                  Law Offices of Michael T. Harrison
8                    25876 The Old Road, #304
                     Stevenson Ranch, CA 91381
9                         (661) 257-2854
                        (661) 257-3068 (fax)

10

11   **<u>DO NOT</u> CONTACT THE COURT FOR INFORMATION.**

12   This case is currently pending in the United States District Court for the Central District of California as Case No. 09-0868. The judge is the Honorable Otis D. Wright. To see a copy of the Complaint, <u>click here</u>.

13

14   In the Lawsuit, Plaintiff alleges that Defendant violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693 et seq., by failing to provide adequate notice of automated teller machine ("ATM") fees. To see a copy of the class action publication notice, <u>click here</u>. To see which ATM allegedly violated the EFTA, <u>click here</u>.

15

16   Defendant denies Plaintiff's claims of wrongdoing but has agreed to settle all claims against it to avoid the expense of continued legal proceedings. To see a copy of the Settlement Agreement, <u>click here</u>.

17

18   The Court has certified a class for settlement purposes and preliminarily approved a class action settlement of this case. To see a copy of the Preliminary Approval Order, <u>click here</u>.

19   The links below provide information about who is a Class Member, the terms of the Settlement Agreement and how Class Members can participate in, object to, or exclude themselves from, the class action settlement of this case.

20

21   **<u>All Potential Class Members</u>**

22   To find out if you are a Class Member, <u>click here</u>.

23   If you want to receive money from the Settlement Fund, <u>click here</u>.

24   If you do not want to be a Class Member (or receive any money from the Settlement Fund), <u>click here</u>.

25   If you want to object to the settlement of this case as a class action or to the terms of the Settlement Agreement, <u>click here</u>.

26

27

28

782908.1 4526.003

- 18 -

Settlement Agreement

EXHIBIT___E___
PAGE___28___

**EXHIBIT E**

1  Exhibit E

2  **IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
3  **WESTERN DIVISION**

4  **[PROPOSED] PRELIMINARY APPROVAL ORDER**

5      This matter coming before the Court on the joint request of the parties for preliminary

6  approval of a Class Action Settlement Agreement and Release, and based upon the papers

7  submitted to the Court and all of the proceedings had in this matter to date, IT IS HEREBY

8
9  ORDERED:

10      1.    Solely for purposes of settlement, the following Settlement Class is certified

11  pursuant to Fed. R. Civ. P. 23(b)(3):  *All persons who, from July 29, 2008 to July 28, 2009, were*

12  *charged a transaction fee for making withdrawal(s) from a personal (not business) account using*

13  *the automated teller machine operated by Pacific Community Federal Credit Union at 18600 Von*

14
15  *Karman, Irvine, California.*

16      2.    Based on the parties' stipulations, and for settlement purposes only:  (a) the class

17  defined is sufficiently numerous such that joinder is impracticable; (b) common questions of law

18  and fact predominate over any questions affecting only individual Class Members, and include

19  whether or not the absence of an externally posted fee notice at the ATM machine identified

20  above violated the requirements of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq.;

21  (c) the claim of Plaintiff Marsi Zintel is typical of the Class Members' claims; (d) Plaintiff Marsi

22  Zintel is an appropriate and adequate representative for the Class and her attorney, Michael T.

23
24  Harrison is hereby appointed as Class Counsel; and (e) a class action is the superior method for

25  the fair and efficient adjudication of the claims of the Class Members.

26      3.    The Court finds that the proposed settlement is within the range of fairness and

27  reasonableness and grants preliminary approval to it.  In the event that the proposed settlement is

28

782908.1 4526.003

- 19 -

1   not finally approved for any reason, Defendant shall, pursuant to the Settlement Agreement,

2   retain its right to contest certification of the Class.

3      4.      The Court approved the proposed forms of notice to the Class, and directs that

4   notice be implemented in accordance with paragraph 2.4 of the Settlement Agreement.  Class

5   Counsel will file an affidavit with the Court, at least 5 business days prior to the Fairness Hearing,

6   attesting that notice has been so given.

7

8      5.      The Court finds that the notice proposed in paragraph 2.4 of the Settlement

9   Agreement is the only notice to the Class Members that is required and further finds that such

10   notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

11      6.      Class Members shall have forty five (45) days after today's date to send in a claim

12   form, opt out or object to the proposed Settlement Agreement.

13

14      7.      Any Class Member who wants to receive a monetary portion of the Settlement

15   Fund shall file a Claim Form, which will be available for download at www.morecaseinfo.com or

16   by contacting Class Counsel.  To be timely, a Claim Form must be sent to the Settlement

17   Administrator and postmarked within 45 days after today's date.

18      8.      Any Class Member who desires to exclude himself or herself from the Class shall

19   not be bound by the Settlement and shall not be entitled to any of its benefits.  To be timely, a

20   request for exclusion must be sent to the Settlement Administrator and postmarked within 45 days

21   of today's date.  To be effective, the request for exclusion must make clear that exclusion is

22   sought by stating: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN

23   *ZINTEL V. PACIFIC COMMUNITY FEDERAL CREDIT UNION*."  The request for exclusion

24   must also contain the excluded Class Member's name, address and signature.

25      9.      Any Class Member who objects to the Settlement contemplated by the Agreement

26   shall have a right to appear and be heard at the Fairness Hearing provided that such Class

27

28

782908.1 4526.003

- 20 -

EXHIBIT  *E*
PAGE  *30*

Settlement Agreement

1   Member files with the Court and delivers to Class Counsel and Defendant's Counsel a written

2   notice of objection together with a statement of reasons for objection, postmarked no later than 14

3   days before the Fairness Hearing.  Class Counsel and Defendant's Counsel may, but need not,

4   respond to the objections, if any, by means of a memorandum of law no later than 5 days prior to

5   the Fairness Hearing.

6

7       10.     A  Fairness  Hearing  on  the  fairness  and  reasonableness  of  the  Settlement

8   Agreement will be held before this Court on _____ at _____ a.m./p.m.

9                                    SO ORDERED:

10

11

12                                   _____
                                     Otis D. Wright
13                                   United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Settlement Agreement

- 21 -

EXHIBIT  _F_

EXHIBIT_ _F_ _____
PAGE _ _32_ _____

Exhibit F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

## [PROPOSED] FINAL APPROVAL ORDER

This matter comes before the Court on the joint request of Plaintiff, the Class Members and Defendant for final approval of the Class Action Settlement Agreement and Release (the "Settlement Agreement"), and having considered the papers submitted to the Court and proceedings to date, THE COURT FINDS AS FOLLOWS:

(1) The Court has jurisdiction over the subject matter of this Lawsuit, the Class Representative, the Class Members and Defendant;

(2) Notice was given to the Class pursuant to paragraph 2.4 of the Class Action Settlement Agreement and Release in this matter;

(3) The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

(4) _____ Members of the Settlement Class opted out of the Settlement Agreement;

(5) _____ Members of the Settlement Class objected to the Settlement Agreement;

(6) The Settlement Agreement is fair, reasonable and adequate.

**THEREFORE, IT IS HEREBY ORDERED:**

A.      That all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

782908.1 4526.003

EXHIBIT _F_
PAGE _33_

Settlement Agreement

B.     That the Settlement Agreement, including the Limited Release from the Class members to Pacific Community Federal Credit Union contained therein, is finally approved and the Parties shall implement it pursuant to its terms;

C.     That, except as to any person who has timely and effectively requested exclusion from the Settlement Agreement, the Court hereby dismisses with prejudice this Lawsuit, all claims contained therein and all Released Claims;

D.     That this Court reserves exclusive and continuing jurisdiction and venue with respect to consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement or Judgment;

E.     That, except as otherwise provided in the Settlement Agreement or herein, the Parties are to bear their own attorneys' fees and costs; and

F.     That this Court bars and permanently enjoins all Class Members, except any person who timely and effectively requested exclusion from the Settlement Agreement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability based upon the Released Claims.

SO ORDERED this ___ day of _____, 2010.


_____
Otis D. Wright
United States District Judge