ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

MARSI ZINTEL, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

PACIFIC COMMUNITY FEDERAL CREDIT UNION,

Defendant.

Case No. CV09-5517 ODW (AGRx)

**PRELIMINARY APPROVAL ORDER**

Trial Date: None

This matter coming before the Court on the joint request of the parties for preliminary approval of a Class Action Settlement Agreement and Release, and based upon the papers submitted to the Court and all of the proceedings had in this matter to date, IT IS HEREBY ORDERED:

1. Solely for purposes of settlement, the following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3): *All persons who, from July 29, 2008 to July 28, 2009, were charged a transaction fee for making withdrawal(s) from a personal (not business) account using the automated teller machine operated by Pacific Community Federal Credit Union at 18600 Von Karman, Irvine, California.*

2. Based on the parties' stipulations, and for settlement purposes only: (a) the class defined is sufficiently numerous such that joinder is impracticable; (b)

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether or not the absence of an externally posted fee notice at the ATM machine identified above violated the requirements of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq.; (c) the claim of Plaintiff Marsi Zintel is typical of the Class Members' claims; (d) Plaintiff Marsi Zintel is an appropriate and adequate representative for the Class and her attorney, Michael T. Harrison is hereby appointed as Class Counsel; and (e) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members.

3. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it. In the event that the proposed settlement is not finally approved for any reason, Defendant shall, pursuant to the Settlement Agreement, retain its right to contest certification of the Class.

4. The Court approved the proposed forms of notice to the Class, and directs that notice be implemented in accordance with paragraph 2.4 of the Settlement Agreement. Class Counsel will file an affidavit with the Court, at least 5 business days prior to the Fairness Hearing, attesting that notice has been so given.

5. The Court finds that the notice proposed in paragraph 2.4 of the Settlement Agreement is the only notice to the Class Members that is required and further finds that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

6. Class Members shall have forty five (45) days after today's date to send in a claim form, opt out or object to the proposed Settlement Agreement.

7. Any Class Member who wants to receive a monetary portion of the Settlement Fund shall file a Claim Form, which will be available for download at www.morecaseinfo.com or by contacting Class Counsel. To be timely, a Claim Form must be sent to the Settlement Administrator and postmarked within 45 days after today's date.

8. Any Class Member who desires to exclude himself or herself from the Class shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Settlement Administrator and postmarked within 45 days of today's date. To be effective, the request for exclusion must make clear that exclusion is sought by stating: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN *ZINTEL V. PACIFIC COMMUNITY FEDERAL CREDIT UNION*." The request for exclusion must also contain the excluded Class Member's name, address and signature.

9. Any Class Member who objects to the Settlement contemplated by the Agreement shall have a right to appear and be heard at the Fairness Hearing provided that such Class Member files with the Court and delivers to Class Counsel and Defendant's Counsel a written notice of objection together with a statement of reasons for objection, postmarked no later than 14 days before the Fairness Hearing. Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law no later than 5 days prior to the Fairness Hearing.

10. A Fairness Hearing on the fairness and reasonableness of the Settlement Agreement will be held before this Court on Monday, July 12, 2010 at 1:30 p.m.

May 10, 2010

SO ORDERED:

Otis D. Wright
United States District Judge

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594